IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:16-CV-760-RJC-DCK

| | |
|---|---|
| NEWTON DUANE WILLLIAMS, an individual, and TERRY LUNN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>WECTEC GLOBAL PROJECT SERVICES, INC., a subsidiary of WESTINGHOUSE ELECTRIC COMPANY, LLC, a subsidiary of TOSHIBA CORP., and DOES 1 through 20 inclusive,<br><br>Defendants. | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER IS BEFORE THE COURT** on "Defendant WECTEC's Rule 12(b)(6) Partial Motion To Dismiss Plaintiffs' First Amended Complaint" (Document No. 12) filed March 3, 2017. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be denied.

## BACKGROUND

Newton Duane Williams ("Williams") and Terry Lunn ("Lunn") (together "Plaintiffs") initiated this action with the filing of their "Complaint For Damages And Other Relief" (Document No. 1) on November 2, 2016. On January 31, 2017, Plaintiffs filed their "First Amended Complaint For Damages And Other Relief") (Document No. 6) (the "Amended Complaint"). The Amended Complaint is brought against WECTC Global Project Services, Inc. ("WECTC" or

"Defendant"), a subsidiary of Westinghouse Electric Company, LLC ("Westinghouse"), a subsidiary of Toshiba Corp., and against Does 1-20 (together, "Defendants").

Plaintiffs assert the following causes of action: (1) Violation of Energy Reorganization Act of 1974, 42 USC § 5851(a); (2) Whistleblower Retaliation in Violation of Sarbanes-Oxley Act, 18 USC § 1514A; (3) Age Discrimination in Violation of the ADEA, 29 USC § 626(e); (4) Disability Discrimination in Violation of The ADA, 12 USC § 12101; (5) Retaliation in Violation of the Family and Medical Leave Act, 29 USC § 2601 et seq.; (6) Failure to Accommodate in Violation of The ADA, 12 USC § 12101; (7) Failure to Engage in the Interactive Process in Violation of The ADA, 12 USC § 12101; (8) Wrongful Termination in Violation of Public Policy; (9) Blacklisting in Violation of N.C. Gen. Stat. § 14-355; and (10) Tortious Interference with Prospective Advantage. (Document No. 6, pp.8-25).

"Defendant WECTEC's Rule 12(b)(6) Partial Motion To Dismiss Plaintiff's First Amended Complaint" (Document No. 12) was filed on March 3, 2017. By the pending motion, Defendant WECTEC seeks dismissal of causes of action 2-10. (Document No. 12, p.1). Defendant also filed its "Answer To First Amended Complaint" (Document No. 13) on March 3, 2017. On March 31, 2017, Plaintiffs filed their "…Opposition To Defendant WECTEC's Rule 12 (b)(6) Motion To Dismiss…" (Document No. 18).

Defendant WECTEC failed to file a timely reply brief in support of its motion to dismiss, or notice of intent not to reply, by April 7, 2017 – as required by Local Rule 7.1 (E). Defendant did file a "Notice Of Bankruptcy Filing And Imposition Of Automatic Stay Pursuant To Section 362(a) Of The Bankruptcy Code" (Document 19) on April 11, 2017. Attached to Defendant's "Notice…" is an "Order Enforcing The Protections Of Sections 362, 365, 525, And 541(c) Of The Bankruptcy Code…" (Document No. 19-3).

2

It appears that there has been no activity in this case since Defendant's "Notice…" was filed on April 11, 2017. As such, the pending motion to dismiss has never been fully briefed and there has been no dispute that this matter is properly stayed.

## DISCUSSION

Based on the background of this case, the undersigned finds that it is in the best interests of judicial economy and efficient case management to deny the pending motion to dismiss. This recommendation is made without prejudice to Defendant renewing its motion, if appropriate, after the stay is lifted.

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant WECTEC's Rule 12(b)(6) Partial Motion To Dismiss Plaintiffs' First Amended Complaint" (Document No. 12) be **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that the parties be directed to file a Status Report on or before **September 5, 2017**, and every **ninety (90) days** thereafter, until the stay is lifted or the case is closed.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure

3

Case 3:16-cv-00760-RJC-DCK    Document 20    Filed 07/27/17    Page 3 of 4

to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: July 27, 2017

David C. Keesler
United States Magistrate Judge